Good morning, excuse me, Dave Kindop of hearing on behalf of appellant Robert Forest. I'd like to reserve two minutes for rebuttal if I might One of the primary issues on appeal before this court is whether or not mr. Forest is precluded from pursuing his federal civil rights action against officer Higdon in the Fort Bragg Police Department Based on the doctrine of collateral estoppel Obviously, mr. Forrest contends that that doctrine does not preclude him from pursuing his claims in this case and Primarily, it's because he contends. He did not receive a full and fair opportunity in the state trial court proceedings To litigate the issue of the probable cause for his arrest in in one of the issues. I would like to discuss today is perhaps some clarification with respect to one of the points that I attempted to make in the briefs that were filed with this court and that is the what happened at the hearing on the petition for the finding of factual innocence in the relationship between that hearing And the other state trial court proceedings the earlier ones the earlier ones in particular the earlier ones Obviously the the procedural history is important in that. Mr. Forrest was charged. There was a preliminary hearing He was held over at that preliminary hearing to stand trial and About eight months thereafter all of the criminal charges against him were dismissed about eight months thereafter He filed a petition for a fine in a factual innocence, which is a very specific Statutory procedure that thought that's authorized in California for a person such as mr Forrest to litigate the issue as to whether or not there was probable cause for his arrest and if he's For which he was arrested his record would be what's commonly referred to as expunged That being his arrest record would be expunged and there be a finding that he was factually innocent Now the relationship between what happened at that hearing and what happened at the prior hearings I think is very important because what we contend by way of I think logic and common sense because I couldn't find any authority that addresses this issue is that Because that particular hearing is designed to address that particular issue it should control That particular issue that particular issue meaning was there probable cause for his arrest? So so forgive me, but you said that particular about four times. So I just need to know no problem Just to be clear you're talking about the factual innocence hearing. Yes, and that particular issue is whether or not there was probable cause Yes, okay. Go ahead. Yes, absolutely and Because what comes out of that hearing will necessarily I think supersede anything that happened previously that being What's tantamount to a finding a probable cause because he's bound over for trial? additionally the trial court appeal of The the binding over for trial which is the nine nine five motion to dismiss the information And I think logic and common sense dictate that that is the hearing that we need to focus on For purposes of deciding whether or not. Mr. Forrest was afforded a full and fair opportunity to litigate the issue of probable cause for his arrest. Well, okay But but he had lots of different opportunities and you're saying you want to focus on the one hearing How did it how is it deficient? How is it unfair? That hearing was unfair because under California law. Mr Forrest not only has the right to file that petition and have an evidentiary hearing on on That petition, but he's also allowed to submit relevant reliable and material evidence in support of his petition which includes The calling of life testimony the calling of live witnesses and at that particular hearing. Mr Forrest had subpoenaed a witness to testify and that witness was David a or David Allen Paoli and As is indicated from the record. Mr. Paoli or mr Forrest intended to call mr Paoli as a witness and he would have provided material evidence to the trial courts determination of the issue of probable cause But wouldn't his testimony have been that the I'm gonna say victim Understanding that your your your contention is that he wasn't a victim, but forgive me that the victim may have had a mental health history he would have testified that that the victim did in fact have a significant mental health history and that the the victim Had a history of engaging in Aggressive behavior when he didn't take his medication and the month prior to the altercation between mr. Douglas and mr. Forrest Mr. Douglas has actually threatened David Allen Paoli with with a Splitting wall, which is a large axe, right? So all of that would have been relevant Are if I look at this in the light most favorable to your client to the issue about whether or not this the victim was Actually the aggressor in this underlying incident, but the the fact finder that was making the decision about whether or not there was probable cause also had eyewitness testimony that your client had held him by the Shirt and and pointed a gun at him and the question was whether or not there was probable cause to find an assault, right? Yes, and I think my answer is twofold. The first is that the court did have limited eyewitness testimony that being from Mr. Long, but mr. Long only saw the very end of the incident by his only by his own testimony He didn't see what led up to mr. Forrest having to To pull out his firearm to protect himself. There's another point that I'd like you to address and it seems to me that there can be probable cause for an arrest even if ultimately self-defense is demonstrated that is The arresting officers are not a trial to sort out everything they might see an altercation and arrest both people and sort it out later as to who might have been the aggressor and who might not and I guess I have difficulty understanding how even if you were to prove That there was self-defense here how that negates probable cause for the initial arrest That's a very interesting point judge Graber and I think the answer to the question is the the procedure That's allowed under California law with respect to the petition for finding a factual innocence and what? Evidence can be submitted at that hearing. I think no my question isn't at all about evidence My question is a theoretical one that even if you'd shown Everything you could possibly show at that at that hearing. I don't understand how it negates Probable cause to arrest in other words I guess I don't see how any of those facts could make that proceeding come out differently because probable cause to arrest Doesn't require that you for sure negate Self-defense in order to be able to arrest somebody I believe that self-defense does negate the probable cause to arrest because if he was acting in self-defense there was no basis for his arrest and As I was probably slowly getting to before What state law allows with respect to the presentation of evidence that hearing is evidence that's acquired after arrest Evidence that's acquired after the case is dismissed to negate that probable cause and so it's an interesting Dynamic, but that statute in the case law interpreting it does allow the submission of evidence That's acquired after arrest to negate probable cause we have the benefit of 2020 hindsight, and we have considered your proffer about everything that Excluded I'll use the word excluded testimony would have shown and I still don't understand how it would have negated a finding of probable cause given the eyewitness testimony because if Because the trial court was missing a critical piece of evidence. That was mr. Douglas's mental health history It was missing evidence that he didn't take his medication and it was missing evidence that he acted aggressively heard voices and acted out violently and threatened people with physical violence when he doesn't take His medication right all that could have shown that the quote-unquote victim was the aggressor during this incident, right? Correct could it have shown something else am I missing some other import? Well, it could have shown that he was the aggressor and that mr. Forrest reasonably believed that he needed to exhibit his firearm to protect himself, which would be self-defense, right? did the state court at the factual innocence hearing accept the declaration of David Eugene Paoli the trial court Did not receive a portion of David Eugene Paoli's declaration What about the portion that described David Allen Paoli's experiences with mr. Douglas That is the specific portion of the declaration that the court did not receive the court sustained the people's objection to that evidence In anticipating that the trial court might do that. Mr. Forrest attorney Subpoenaed David Allen Paoli to come in and testify as to those facts because he did have personal knowledges to those facts And so that's why he was there But the trial court judge judge Henderson Declined The opportunity to receive that testimony and based on my recollection recollection of the record it was because Mr. Forrest counsel didn't give some sort of advance notice of his intent to call live witnesses But I'm not aware of any requirement that that be done and the state of the law was pretty clear at the time of this Hearing that live witness testimony was allowed So, I don't I'm not quite sure looking at the record why judge Henderson didn't let mr Paoli testify but we do have a good offer of proof and I think the record is pretty clear as to what David Allen Paoli would have Testified to and I think it probably would have materially affected judge Henderson's decision Because if if you've looked at judge Henderson's decision at that hearing or after that hearing he specifically Indicated that mr. Forrest had initially met his threshold burden of demonstrating that there was not probable cause for his arrest however, he then found after the burden had shifted the people that the people had proved that there was probable cause and according to judge Henderson's ruling that was pretty much exclusively based on the preliminary hearing testimony, which we've also taken issue with because The people offered that evidence In opposition to mr. Forrest petition but there was Testimony within mr. Douglas's testimony at the preliminary hearing that was materially false and especially with respect to his mental health history He specifically denied That he had any significant history of mental health problems He had indicated that he'd only recently seen a mental health practitioner He denied that he was taking any medication for any mental health issues So the court in theory received evidence that was materially false that really should have never been offered to begin with and then the only Other testimony that the court would have had would that that would have been the testimony from mr Long who only saw the very end of the incident. So I think that if judge Henderson had received David Allen Paoli's testimony and heard about his mental health history heard about the problems that he had with him just the month prior Where he threatened to physically harm him with the splitting ball Which is corroborated by the fact that David Eugene Paul Paoli had seen him actually walking around his property with it I think that would have materially affected judge Henderson's decision And so I think it comes down to whether or not this court has sufficient confidence And what happened in the state trial court proceedings such that mr Forrest should not be allowed to pursue what what he believes to be a very very important case in that he wants the opportunity to prove that his civil rights were violated by this officer and That the Fort Bragg Police Department is also liable for that officer's behavior Did you want to save some rebuttal time? I did about two minutes. I will save that time. Thank you. Thank you William Mitchell for defendant Higdon also here is mr. Hinkle's for the city. We've decided to just divide our time I'll try to keep my eye on the clock here and Yield to mr. Hinkle after about eight minutes If this case were allowed to proceed to trial in the district court the dispositive issue would be whether based on the collective knowledge of the investigating office officers There was probable cause to arrest Plaintiff for assault with a deadly weapon The complaint alleges that defendant Higdon ordered the arrest of plaintiff based on the information he received from I would the eyewitness Jacob long and from Stanley Douglas The judge at the preliminary hearing found that there was probable cause to Precisely the same evidence That was available to Higdon the statements of long and Stanley so we have the identity of issues here In other words a trial in the district court would simply be a replay of the issues repeatedly decided against plaintiff and so is here is your collateral estoppel claim based on the preliminary hearing or the factual innocence hearing or both I would say the Factual innocence hearing is simply an independent proceeding which Has independent support for collateral estoppel the court in McCutcheon Clearly held that the findings in the preliminary hearing are binding and conclusive So we would submit that the preliminary hearing alone is sufficient for collateral estoppel As As for the fabrication of evidence issue it wasn't addressed by the plaintiff The complaint against Higdon is basically the defabricated police reports The alleged Reports played no part in the determination of probable cause by the state court judges The issue of the alleged falsified report was raised at the preliminary hearing and the judge repeatedly stated that he would not and did not consider Any police reports that he was based? That he was basing his findings only on the eyewitness testimony So the allegation that Higdon falsified police reports is simply not part of the probable cause Equation it's irrelevant And in terms of the full and fair opportunity arguments basically Breaks down to two parts Mr. Hinkle was going to address this in more detail. I will go over it briefly The claim is that He was not provided a full and fair opportunity because sergeant Lee's testimony was excluded This issue was specifically addressed three times in the courts below Which determined that the plaintiff was not prejudiced based on the offer of proof made Which was that the plaintiff told Lee that Douglas used offensive language during the encounter in the face of The undisputed testimony that plaintiff was holding a gun to Mr. Douglas's head While holding on to his clothing and yelling at him I think shows the propriety of that ruling to exclude evidence in terms of aggressive language Counsel what is there had he been successful at the actual innocence hearing? What is there to expunge from his record? Does his record show that he was arrested and the charges were dismissed or what does it show? I'm not I'm not sure of that your honor. I'm not sure what it says And in terms of David A. Paoli again, I don't think it goes to the issue of Probable cause Which is based on the knowledge of the officers at the time of the rest This proposed testimony was to to be that a month earlier Douglas had allegedly us threatened. Mr. Paoli with a axe or something Again not not relevant to the issue of probable cause which is a termination of A termination based on the information known to the officers at the time of the rest furthermore plaintiff fails to explain why he didn't offer The testimony of David A. Paoli at the preliminary hearing he had full and fair opportunity To fully litigate the issue of probable cause there and he does not explain why he was not Called at that hearing and with that it looks like my times about up. I'll turn it over to mr. Hinkle's Thank you May it please the court. My name is Robert Hinkle's I'm here on behalf of the city of Fort Bragg and the Fort Bragg Police Department I would like to take this opportunity In the middle of these proceedings to remind everyone that we are here. This is now the eighth court that has reviewed The issues that the appellant here is bringing the district court was the seventh court the district court Appropriately declined review on the grounds that it has been well litigated in several state courts And that federal review is therefore improper. I Think one of the remarkable things about this case Is the extent of the record given the amount of times that the appellant has actually litigated the issue of probable cause And what that allows us at this point is to be able to tell From the record and from the allegations that are contained in plaintiff's complaint That each of the elements necessary to establish collateral estoppel with respect to the issue of probable cause have been more than met It's that's true as a matter of law and that's true and therefore it makes collateral estoppel appropriate in this circumstance I would like to address one of the questions you asked my code of my co-counsel here you would you had asked judge to him that the Whether or not we were seeking that the factual innocent hearing or the preliminary hearing could establish collateral estoppel for the issue of probable cause The issue here is actually that both do The preliminary hearing does because as set forth in McCutcheon It has the same quantum of evidence necessary to prove whether the trial should go forward or whether He can prevail on his civil rights claim. Let me clarify one thing when you say both do do you mean each? Independently is sufficient or do you mean that we need to amalgamate the two? well, I mean that the as Admitted during his oral argument the petition for factual innocence decision by judge Henderson And then that the California Court of Appeal decision both relied upon the evidence that was presented. Okay, I Need a more precise answer to my question. Are you arguing that the Preliminary hearing is sufficient for claim preclusion And also separately that the factual innocence hearing Suffices for claim preclusion Or are you arguing that we need to put them together in order to find preclusion? I'm arguing that each are separately Okay. Thank you sufficient for crime. Okay. Thank you And I think that the and the petition for factual innocence especially because in that case that it was a plaintiff's burden to prove that there was no reasonable cause and Each court that reviewed that issue reviewed the preliminary hearing transcript and the evidence that was presented there that established that Robert Forrest had pointed a gun at an unarmed man and had yelled ascendities of him at him and it is and they reviewed that transcript and they determined that probable cause existed Do you have an answer to judge Kristen's earlier question about what Factual innocence hearing been successful. What what might have been different about his record? Yes, your honor that my understanding is that his record would have been expunged meaning that there would be no longer on any CLET reports That he was arrested or that he was arraigned and any kind of charges that were bought would be dismissed So anytime anyone would search his record that would no longer be a part of any of the reports And what does it show now just that he was arrested and that no charges were filed or no charges were taken to trial It's I haven't reviewed it personally your honor But that would be my assumption and that would be my assumption only based upon the fact that he tried so hard to get that Expunged that currently there must be something on there right now that he just shows that he was arrested at least Yes, okay And had he been able to prove that his arrest was without reasonable cause he would have been able to get the relief that he sought He was not able to do that and that was decided against him I think in this case amazingly to as is well established collateral estoppel in this matter applies based upon California law and I do think I would want to point out something that the appellant had been raising with respect to the Whether he actually litigated The had an opportunity to actually litigate his proceedings, I think this is kind of a remarkable argument But his whole claims with respect to the David Paoli's whether it's David e Paoli or David a Paoli Is irrelevant before this court the the issue had been raised to the state court at the petition for factual innocence The court made a decision based upon California law that decision was Appealed to the California Court of Appeals he then Petitioned for a review from the California Supreme Court and the United States Supreme Court so that decision whatever decision that was made with respect to David Paoli a or e Is final now the federal courts have stated repeatedly that they're not courts of appeal or California procedural law there's no necessary civil right that's implicated there. So I don't think that that argument is necessarily appropriate I don't think I understand what you're telling me. Do you think it that testimony of the Paoli's was irrelevant? To the whether there was probable cause on the underlying Incident or are you telling telling me the procedurally? The the denial of the ability to call those witnesses is now irrelevant for purposes of the decision we have to make Well, both of those things are true. Your honor. It's certainly true that it's irrelevant with respect to the probable cause determination. Why? Because the the issue for the probable cause determination was whether a reasonable person would consider that a crime had likely been committed the evidence before the court was The evidence for the fact finder was that? Mr. Forrest is pointing a gun at an unarmed man and while he was doing so he was screaming at him The unarmed man was very scared It seems to me absolutely relevant to know what the circumstances were at the time and who is the original aggressor? It is it is relevant your honor, but it doesn't it's not determinative of the outcome. Yes, but you said it was irrelevant That's why I'm belaboring the point. Forgive me. My apologies your honor with respect to your second question It is irrelevant because that issue has been decided. The issue is now precluded from being raised again So since since the competent tribunal has rendered its decision on that issue whether or not you could introduce Testimony at the preliminary hearing of David A or E Paoli Has been decided has been reviewed and has been finally determined So for purposes of this court and what is before this court at this time? That issue is now precluded and appellant is not allowed entitled to raise it And I think also to go kind of go back over the The issues that are before this court, which is whether or not collateral estoppel applies, which I think it clearly does I think it's very important that the record is considerable and the allegations of the complaint establishes the very basis That the issues to be litigated at the preliminary hearing and the petition for factual innocence because those were the same issues Are the very issues that establish collateral estoppel? In other words the plaintiff is alleges in his complaint that The police interviewed each of the witnesses who testified at the preliminary hearing before his arrest Those witnesses testified as to what they told the police the reviewer the magistrate judge at that hearing Listened to the testimony of those witnesses And determined on an independent basis that probable cause existed to arrest mr. Forrest for assault with a deadly weapon That issue was reviewed by another court and ultimately reviewed by three more courts, I think Respectfully, sir. Mr. Hinkles. I want to ask you a question about the mildly interesting Brady claim in this case You know, normally a Brady claim is an argument that the jury verdict would have been different but for the government misconduct Here, I think the argument is that the result of the preliminary hearing would have been different but for the government misconduct Why is this different? You know, this is different because Brady versus Maryland is specifically addressed to protect a party's rights at trial It is not the right to have a sculptor information provided to you is not attached to any simple every single proceeding That the the government may bring against you For example, you don't need a sculptor information when you file a criminal complaint either The preliminary hearing is one of those safeguards for the criminal defendant to make sure that the probable cause exists to hold them over for trial So that in itself is its own safeguard the Supreme Court's decision in that case is simply doesn't apply to preliminary hearings or Pretty much any other hearing except for the trial itself and it's actually questionable whether or not As in the the cases that were cited in the brief It's questionable whether or not you actually need a verdict in order for that case to apply Counsel preliminary hearing wouldn't be much of a safeguard if there were evidence and perhaps this isn't the case But if there if we had a case where it was clear that the police had withheld significant evidence Before a preliminary hearing that hearing would give me pretty cold comfort about the reasonableness of the determination Correct well, let me reassure you in this case your honor that there is no allegation with the allegation that he's actually making with respect to the exculpatory information was information is and that is the History of mr. Stanley Douglas And the issue on the police report were both raised at the preliminary hearing. So they clearly were not Withheld in this case. Is there any authority going back to judge? Question about the scope sort of what I'll call the procedural scope or the applicability of Brady outside of trial Yes, your honor well that the cases we cite in the brief were To what we've got right It is a Smith versus Elmada your honor Which we had originally cited in our motion to dismiss originally that decision had stated specifically that a Trial is necessary verdict is actually necessary to state out a plausible claim for Withholding an exculpatory evidence in violation of Brady versus Maryland. I mean that case had pretty extreme facts. There were two entire trials and The first trial ended up in a hung jury and they tried it in the second time and the argument on the on the And the civil rights claim was that had you provided me information before the first trial? I wouldn't have had to sat in jail between this entire time between these two trials the Ninth Circuit in reviewing that case initially had stated that You cannot state a Brady claim because there was no actual verdict and the Brady versus Maryland Upholds the the integrity of the verdict they reviewed that and they withdrew that the Ninth Circuit reviewed his decision because It determined that making that decision in that case was not necessarily Because the in under other grounds the plaintiff could not make out of Brady versus Maryland claim. Thank you counsel Thank you very much. Mr. Kind up. You have a little bit of rebuttal time remaining I'm going to ask you a question regarding this the Brady issue What in your view it was? withheld But from you or from your predecessor in interest Before the time of the preliminary hearing. I think what was withheld was information confusing concerning Mr. Douglas's mental health history. You didn't have that before the preliminary here. No, we acquired that through our own defense investigation did you have that before the Factual innocence hearing yes, and that's the evidence that mr For specifically tried to introduce which he wasn't allowed to introduce Erroneously because the state of the law is very clear that he was entitled to present that evidence To the judge deciding that police have it. Pardon me. Did the police have it? I believe the police did have it And I know that from my knowledge of the case does the record show that the police had it because Brady applies only to things that are within or the Government had it some other portion of the government might count I will say yes and no in the sense that there is evidence in the record that the police were aware of it and I believe that that was the The report from investigator she hand that the trial court actually refused to consider and that was a Interview by private investigator she hand of a former Fort Bragg police officer I believe his name is yeoman's Who said it was well known that this man had a history of mental illness because they were constantly dealing with him And in fact any time he was involved in an incident, they just dispatched multiple officers. Okay. Next question is I Know that you disagree with the proposition that there was no prejudice from the exclusion of this information But do you agree in principle that prejudice is a required element of a Brady? Claim that some showing of prejudice is required to sustain a Brady claim I Believe there has to be some prejudice. Otherwise, what's the point exactly? Yes What I'd like to point out to the court is in looking at this procedural context that we're in with respect to what happened in the trial court is What would have happened if judge Henderson had? Granted the petition for a finding of factual innocence and found there was no probable cause for arrest Where does that leave the holding order after the preliminary hearing? Would the defendants still be contending that collateral estoppel applies because there was a holding order at the preliminary hearing even though judge Henderson Subsequently entered a ruling indicating there was no probable cause for arrest. That's one of the reasons why Logically that particular hearing has to take precedence It has to supersede the holding order or the or the order that was issued after the 995 hearing Now your time has expired if you have a sentence or two to wrap up One sentence which is that The factual determination for judge Henderson at the time of the petition for finding a factual innocence is not Limited to what the officers knew at the time of the arrest. That's why the rule is really clear it's all evidence that's available at the time of the hearing which includes evidence that's gathered after the time of the arrest and even after the time of the prosecution Thank you counsel. We appreciate the arguments that all three of you have brought to us the case just argued is submitted and we were adjourned
judges: Tunheim, Graber, Christen